## Jackson Lumber and Supply Company v. Bach.

(Decided February 1, 1927.)

Appeal from Breathitt Circuit Court.

Receivers—No Necessity for Appointment of Receiver Existed where Property was Not in Danger of Being Lost (Civil Code of Practice, Section 298).—Evidence held not to establish right of petitioner to have receiver appointed; there being no showing

that property or fund involved was in danger of being lost, removed, or materially injured, as required by Civil Code of Practice, section 298.

SAUFLEY & WARD for appellant.

O. H. POLLARD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

In this action instituted by appellee, Madison T. Bach, against appellant, Jackson Lumber & Supply Company, on the motion of appellee the chancellor appointed a receiver for appellant, Jackson Lumber & Supply Company, who was directed to take charge of its property of every kind and make a complete audit of its assets and liabilities, and to intervene in any suits or actions in which appellant was a party in interest then pending or that might thereafter be instituted. The receiver qualified by executing the bond required, and this appeal has been prosecuted from the judgment appointing the receiver and placing the property and assets of appellant in his hands. The motion for a receiver was made under the provision of section 298 of our Civil Code of Practice, which reads:

"On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him."

These facts appear: Appellant is a Kentucky corporation. It was engaged in the lumber and timber business at Jackson, in Breathitt county, Kentucky. On May 14, 1922, its plant at that place was destroyed by fire. According to the testimony introduced for appellee on the motion for a receiver, an inventory made May 31, 1922, disclosed that its common and preferred stock then outstanding amounted to $63,900.00, $35,700.00 of which was common and $28,200.00 of which was preferred. It then

owed $45,901.26 in bills payable and $8,726.57 in accounts payable, a total of $54,668.83. It carried insurance to the amount of $72,000.00 on the plant which burned, which was collected. It sold the lease on the land where its plant was located and a smaller plant it was operating at Irvine, Kentucky, for $16,500.00. There was then due it in accounts receivable $15,242.79; bills receivable $14,564.14. It had on hand $1,645.34 in cash. Its assets thus listed aggregate $119,952.27. According to this statement the total assets of the corporation exceeded its total liabilities, including its liabilities to its stockholders, by approximately $1,500.00. The witness by whom this inventory and these figures were introduced in evidence appears to have been the treasurer of the corporation up to May 31, 1922. He then disposed of his stock in it and thereby severed his connection with it. His testimony further establishes that between the date of the fire, May 14th, and the date when he resigned as treasurer, May 31, 1922, he had issued checks to the amount of approximately $20,000.00 in settlement of debts against it. After the fire the stockholders and directors of the corporation appear to have concluded to cease business, and since only routine business incident to winding up and settling its affiairs has been engaged in. Another witness for appellee who served as secretary of the corporation testified that in June, 1922, at the time he last assisted in making up a balance sheet showing the status of the affairs of the corporation out of the proceeds of the insurance that had been collected and its other assets which had been converted into cash, there had been paid to its general creditors approximately $55,000.00. The only outstanding debts against the corporation, so far as this record discloses, at the time the motion for a receiver was heard was one in favor of A. E. Ernst and others for $493.58, one in favor of T. H. Deaton for $425.00, both of which had been reduced to judgment; an account of W. R. Willett Lumber Company for $422.90, and approximately $50.00 owing to the clerk of the Jackson circuit court for fees and costs. It appears that there is an action pending against appellant in the United States district court for the eastern district of Kentucky in which the United States is seeking to recover approximately $14,000.00 income tax alleged to be due and unpaid. Appellant also appears to have instituted an action in that court to recover from some of its former

directors $42,000.00 alleged to have been improperly allowed to themselves for services. Appellant pleaded the pendency of these two actions and the necessity for their determination as its reason for not having finally wound up and settled its affairs, especially in so far as that involves its settlement with its stockholders. Appellee, Madison T. Bach, who instituted this action, appears to have no further interest in the subject matter of the cause of action than that he is the owner of 10 shares of appellant's preferred stock. The evidence herein does not establish that the proceeds of any of the assets of appellant corporation have been used for any purpose other than to pay its outstanding obligations which of necessity must be paid before the stockholders may participate therein. It is not shown that the surplus proceeds of its assets have been lost or removed or materially injured. One witness, who is one of the defendants in the action in favor of appellant corporation to recover for it $42,000.00 alleged to have been wrongfully paid to former directors of the corporation, and who was its treasurer until May 31, 1922, and who severed his connection with it at that time by a sale of his stock, while being cross-examined was asked these questions and answered as indicated:

"Q. Does the fact that you are defendant in that suit in the federal court wherein the Jackson Lumber and Supply Company is plaintiff, cause you to have any interest in this matter? A. No, sir, no special interest. Q. Does it cause you to have any? A. Well, I know that Mr. Johnson has got away with a lot of money that belongs to this corporation, I know that to be a fact. Q. Do you think anybody else has any money belonging to the corporation, except Mr. Johnson? A. No, sir, don't think there is. Q. Do you think any other money is concealed at any other place that belongs to the corporation? A. No, sir, I think he has the whole thing in charge."

It will be observed that the statement made by this witness that Mr. Johnson, who is the president of appellant corporation, "has got away with a lot of money that belongs to the corporation," was not at all responsive to the question asked him, nor does this witness testify to any fact that tends in the least to substantiate the assertion there made. On the other hand, his testimony estab-

lishes that between the date of the fire, May 14th, and the date of his severing his connection with the corporation, May 31st, he as treasurer issued approximately $20,000.00 of checks in settlement of its outstanding obligations. His testimony establishes that the debts due its creditors, including those for which he issued checks in payment, amounted to approximately $55,000.00. The other testimony for appellee established that by June, 1922, approximately $55,000.00 had been paid to the general creditors of the corporation out of the proceeds of its assets. As is contended by appellant, a final settlement between the corporation and its stockholders can not be had until the actions for and against it have been terminated so that their rights can be determined. The debts due its general creditors should be settled and all save the small amount herein indicated appear to have been settled. This record, however, does not present a state of case where in order to insure that these debts will be paid a receiver must be appointed to take charge of the property of appellant corporation and wind up and settle its affairs, nor does that appear to be necessary in order to effect a proper settlement of the affairs of the corporation as between it and its preferred and common stockholders. Under the provisions of the section, *supra,* of our Code in order to authorize the appointment of a receiver the party moving must establish not only that he has or probably has a right to a lien upon or an interest in any property or fund, the right to which is involved in the action, but he must also establish that the property or fund is in danger of being lost, removed or materially injured. This court's consideration of the record herein has led to the conclusion that appellee failed to manifest his right to have a receiver appointed by failing to establish that the property or fund is in danger of being lost, removed or materially injured.

For the reason indicated the judgment herein appointing a receiver for appellant corporation is reversed and the cause remanded for other proceedings consistent herewith.