## Baskett v. Ohio Valley Banking & Trust Company.

(Decided February 28, 1928.)

(Rehearing Denied, with Modification, May 8, 1928.)

### Appeal from Henderson Circuit Court.

1. Assignment for Benefit of Creditors.—Where an assignment for the benefit of creditors has been made by debtor and property has been placed in hands of a committee in trust for creditors, such committee may not be properly discharged by any of the creditors who agreed to the trust, until expiration of period for which the trust was created.

2. Assignment for Benefit of Creditors.—Allegations of petition of creditors seeking appointment of receiver, where debtor's property already had been placed in hands of trustee committee for creditors, merely to the effect that receipts of committee from earnings of property were insufficient to pay taxes, other charges, and interest, that taxes were unpaid, that interest was accumulating, and that property was depreciating and lacked repairs, held not sufficient to warrant appointment of receiver, where there was no allegation of mismanagement or failure of committee to comply with trust.

3. Receivers.—The appointment of a receiver is a matter resting in the sound discretion of the court.

4. Assignments for Benefit of Creditors.—Heirs of mortgagor who had sold mortgaged land to another, which by mesne conveyances had reached the hands of a grantee who had conveyed his property to a creditor's committee in trust, were not entitled to have a receiver for debtor appointed, even though they had not signed the agreement for committee; their liability being secondary and contingent.

5. Assignments for Benefit of Creditors.—Ky. Stats., secs. 74-96, relative to voluntary assignments for benefit of creditors, held not applicable to trust created by deed from debtor to committee, for creditors under which all debtor's property was conveyed to committee, one of whose three members was appointed by debtor and two by creditors, and where provision was made for return to debtor of balance, if any, after debts were paid.

6. Trusts.—A debtor and his creditors may make an agreement appointing a trustee to hold property placed in trust under such

terms as they prescribe; Ky. Stats., secs. 74-96, not being intended to take from them this right.

VANCE & HEILBRONNER for appellant.

JOHN C. WORSHAM for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

In September, 1924, Lee Baskett owned a large estate and was much involved in debt. He made a written proposition to his creditors which was accepted by all of them practically. Under this agreement he conveyed all his property to a committee of three, one to be appointed by him and two by the creditors; no action was to be taken by the committee unless approved by two of its members. The whole estate was conveyed to the committee to manage and sell as the committee was able to sell, and apply the proceeds to the debts. The contract contained the following provisions:

"The proceeds realized from personalty and real estate shall be properly applied by the said committee to the payment of expenses, taxes, insurance and debts, according to liens and priorities."

"Should it be necessary for the purpose of properly realizing upon the sale of said Baskett's property, this agreement shall continue for the period of five years. During the said period of five years, no personal demand shall be made of him for interest, taxes or expenses of any kind connected with the property in the hands of the committee but the committee may, in its discretion, dispose of any of the said property and apply proceeds thereof to the payment of the principal or interest on any debt, as hereinbefore provided.

"If, at the expiration of the said five years, said debts are not paid, so much of the said property then on hand shall be sold and the proceeds applied to the payment of such debts.

"Should it not be necessary to use all of the said property for the payment of said debts, such excess of property shall be said Lee Baskett's absolutely."

After the committee took possession, it filed an action in the Henderson circuit court asking the direc-

tion of the court in the discharge of its duties, and certain orders were made. Thus things stood until August 1, 1927; then certain creditors filed an equity action against Lee Baskett, the committee and his other creditors, in which they asked that a receiver be appointed to take charge of the estate. On a hearing of the motion for the appointment of a receiver on December 31, 1927, the motion was sustained. Lee Baskett and certain of his creditors appeal.

The only question arising on this appeal is this: Do the allegations of the petition warrant the judgment? The sum of the allegations of the petition is that the receipts of the committee, from the earnings of the property are insufficient to pay the taxes and other charges and the interest on the debts, that some taxes are unpaid, and that the interest on the debts is accumulating; also that the property is depreciating and lacks repairs. There is no allegation in the petition of any mismanagement by the committee or any failure on its part to comply with the trust. The sum of the allegations is simply that the earnings of the property have not been large enough to keep up the repairs and meet the current interest and charges. But this was a chance that the creditors took when they made the contract. If the committee is fairly discharging its trust, the trustee may not be properly discharged, by any of the creditors who agreed to the trust, until the end of the five years. As to the creditors who participated in the meeting, the court is clearly of the opinion that the allegations of the petition are insufficient to warrant the relief sought. 31 R. C. L. p. 31, sec. 28; Jackson Supply Co. v. Bach, 218 Ky. 19, 290 S. W. 1055; Black Eagle, etc., Co. v. Smith, 221 Ky. 393, 298 S. W. 972.

The only creditors who did not agree to the trust agreement, and are plaintiffs in the action, are the persons known as "the Soaper heirs." On August 26, 1914, R. C. Soaper and wife mortgaged 307 acres of land to the Masonic Lodge. Afterwards he sold the land to another and he to C. C. Crofton, and finally it came into the hands of Lee Baskett, who assumed the $15,000 mortgage upon it. After this Soaper died, and his children, who were made plaintiffs in the action, inherited sufficient property from him to pay the mortgage debt. They alleged that the property was insufficient to pay the mortgage; that year by year it was depreciating and becoming more insufficient; that the interest on the debt was accumulat-

ing; that Baskett was insolvent in 1924; and that the longer the sale was delayed the greater the loss that would fall upon them.

The original holder of the mortgage was not a party to the agreement between Baskett and his creditors, and it sued and obtained judgment for the sale of the property. But after the judgment was rendered the Henderson National Bank bought the mortgage from the original holder and now owns the debt. The bank was a party to the agreement between Baskett and his creditors, and it has not executed the judgment for the sale of the property, but has allowed the committee to hold it.

It does not appear that the Soaper heirs, if they wish this, may not have the mortgaged property sold under the judgment. It does not appear that Claxton or those under whom he purchased the property are insolvent, and it may be presumed from the facts stated that, if the property when sold under the judgment fails to pay the debt, the Soaper heirs may by proper proceeding compel these parties to pay any deficiency left after the sale of the land, which the trust estate fails to pay. The appointment of a receiver is a matter resting in the sound discretion of the court. In view of the size of the estate, the amount of the debts, the importance to Baskett as well as his creditors that the settlement should be without unnecessary cost the fact that 3,000 acres of the land lies in Missouri, 6,000 in Alabama, the fact that so many creditors having large debts who would be most affected prefer that the estate remain in the hands of the committee, and the cost and loss from a change of management, the court concludes that the allegations of the petition and amended petitions are insufficient to warrant the appointment of a receiver. For the liability of the Soaper heirs is secondary, and is contingent on the failure of those first liable to pay the debt.

Sections 74-96, Kentucky Statutes, have no application to such a trust as that created by the deed in question. A man and his creditors may make an agreement appointing a trustee to hold the property under such terms as they prescribe. The statute was not intended to take from them this right.

The case is here now simply on the demurrer to the petition. The court only decides that the facts stated do not constitute a cause of action. On the return of the case to the circuit court, the demurrer to the petition

will be sustained, and the plaintiffs will be given an opportunity to amend the petition, if they desire to do so. .

The judgment is reversed, and the cause is remanded for a judgment as above indicated.